# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**STEVEN HASTINGS**  **PLAINTIFF**
**ADC #171672**

v.  No: 3:21-cv-00181 JM-PSH

**JEREMY WILSON,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Steven Hastings filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on August 30, 2021, while incarcerated at the Arkansas Division of Corrections' (ADC) Cummins Unit (Doc. No. 2). On August 31, 2021, the Court granted Hastings' application to proceed *in forma pauperis* and directed Hastings to

amend his complaint to clarify his claims (Doc. No. 3). Hastings has since filed an amended complaint (Doc. No. 6). For the reasons stated herein, Hastings' claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Hastings alleges that defendant Jeremy Wilson served as his mental health case worker at the North Central Unit at various times between December 27, 2018, and October 30, 2020. Doc. No. 6 at 4. He claims Wilson was not a licensed mental health care worker but reported to his psychiatrist Shawn Richard. *Id.* Hastings asserts that because Wilson was not licensed, Richard spent only two minutes with Hastings and never ordered a mood stabilizer for Hastings. *Id.* He also alleges that defendant Andrew Schubert was unlicensed and provided mental health reports to Richard. *Id.* Hastings sues Rory Griffin as the ADC's Director of Health and Correctional Programs because he "allowed" Wilson and Schubert to work in the mental health field without being licensed. *Id.* at 5. He claims that he suffers from mania, social anxiety, chronic depression, and stress. *Id.* Hastings also complains that he has spent a long time in restrictive housing. *Id.* He sues defendants in their official capacities only and seeks money damages as well as injunctive relief. *Id.* at 2 & 6.

***Monetary Claims.*** A suit against a defendant in his or her official capacity is in essence a suit against the State of Arkansas, and any official capacity claim for

monetary damages against that defendant is barred by the doctrine of sovereign immunity. *Will v. Michigan Department of State Police, et al.*, 491 U.S. 58, 71 (1989)*; Nix v. Norman*, 879 F.2d 429, 431-432 (8th Cir. 1989). Accordingly, Hastings' claims for money damages should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

***Injunctive Relief.*** Sovereign immunity does not bar claims against defendants in their official capacities for injunctive relief. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (discussing the *Ex parte Young* doctrine as a necessary exception to Eleventh Amendment immunity). Hastings asks that ADC and Wellpath LLC employ at least one licensed mental health worker at every ADC prison unit, but he does not name either entity as a defendant. Doc. No. 6 at 6. And assuming that any of the named defendants could provide the relief Hastings seeks, his claim for injunctive relief still fails because he has not stated sufficient facts to show that defendants were deliberately indifferent to his serious medical needs.

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). This includes adequate mental health treatment. *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990). To succeed with an inadequate medical care claim, a plaintiff must allege and prove

that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Hastings alleges that he has mania, social anxiety, chronic depression, and stress. He believes that he has not received a certain mood stabilizing drug because Wilson and Schubert are not licensed mental health care workers. These allegations are conclusory at best and do not describe a viable constitutional claim. Hastings does not describe Wilson and Schubert's roles as mental health case workers, what sort of licensure they allegedly needed but did not have, how their actions could result in a psychiatrist not prescribing a certain medication, or how their licensure would have impacted his treatment.[1] Hastings only vaguely describes his conditions

---

[1] It is not clear what license Hastings believes mental health care workers should have. To the extent Hastings bases on his claim on state law or prison regulations governing mental health care, he fails to state a constitutional claim. *See Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 832 (8th Cir. 2005) ("'[a]lleged violations of state laws, state-agency regulations, and even state court orders do not by themselves state a claim under 42 U.S.C. § 1983.'") (quoting *Whisman v. Rinehart*, 119 F.3d 1303, 1312 (8th Cir. 1997)).

and does not explain why he believes he needs a mood stabilizer or how he has suffered as a result of not getting one – he describes no specific symptoms or injuries he has suffered. Instead, his claim amounts to a mere disagreement in treatment, and should therefore be dismissed.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Hastings' claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 15th day of October, 2021.

_____
UNITED STATES MAGISTRATE JUDGE